IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NEUROLOGY AND NEUROPHYSIOLOGY ASSOCIATES, P.A. | § § § § | NO. SA:14-CV-903-DAE |
| Plaintiff, | § § § | |
| vs. | § § | |
| PETER A. TARBOX, | § § § | |
| Defendant. | § § | |

ORDER DENYING APPELLANT'S MOTION TO EXTEND TIME AND
GRANTING APPELLEE'S MOTION TO DISMISS

There are two motions currently before the Court: a Motion to Dismiss Appellant's Bankruptcy Appeal filed by Appellee Peter A. Tarbox ("Appellee") (Dkt. # 3), and a Motion to Extend Time to File Brief on the Merits filed by Appellant Neurology and Neurophysiology Associates, P.A. ("Appellant") (Dkt. # 4). The Court finds this matter amenable for disposition without a hearing pursuant to Local Rule CV-7(h). After careful consideration of the memoranda in support of and in opposition to the Motions, the Court, for the reasons that follow,

1

**GRANTS** Appellee's Motion to Dismiss and **DENIES** Appellant's Motion to Extend Time.

On August 7, 2014, the Bankruptcy Court granted Appellee's Motion to Dismiss Bankruptcy Proceeding.  (Dkt. # 1-2.)  Appellant filed its Notice of Appeal in the Bankruptcy Court on August 21, 2014, (Dkt. # 1-1), and filed its Record on Appeal from bankruptcy in this court on October 15, 2014.  (Dkt. # 1.)  The Clerk issued a Notice of Docketing Record on Appeal on October 21, 2014.  (Dkt. # 2.)  Under Bankruptcy Rule 8009, Appellant's brief was due by November 4, fourteen days after entry of the appeal on the docket.  Fed. R. Bankr. P. 8009(a)(1).  On December 4, 2014, Appellee filed the instant Motion to Dismiss based on Appellant's failure to file and serve its brief.  (Dkt. # 3.)  On December 8, 2014, Appellant filed its Motion to Extend Time to File Brief on the Merits, (Dkt. # 4), and submitted its Brief the same day (Dkt. # 5).  Appellee filed a Response to Appellant's Motion to Extend on December 15, 2014.  (Dkt. # 6.)

Appellant's Motion states that the delay in filing its Brief was due to the fact that neither attorney for Appellant received notice of the October 21, 2014 entry of the appeal on the docket.  (Dkt. # 4 ¶ 4.)  The Motion explains that the email address on file for counsel Chance McGhee was a prior email address that Mr. McGhee no longer uses, and states that counsel Kevin Miller has no record of receiving notice of entry of the appeal.  (Id. ¶ 3.)

Under Federal Rule of Civil Procedure 6(b), when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The district court enjoys broad discretion to grant or deny an extension, and the excusable neglect standard is elastic in its application. Salts v. Epps, 676 F.3d 468, 474 (5th Cir. 2012) (quoting Wright & Miller, Fed. Practice & Procedure § 1165). Factors relevant to the determination of excusable neglect include (1) the possibility of prejudice to opposing parties, (2) the length of the movant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith. Id.

Here, the Court finds that Appellant's neglect was not excusable. First, the Court finds that the delay of over one month has prejudiced Appellee, who is pursuing an action against Appellant in Bexar County District Court that is scheduled for trial on March 23, 2014. (Dkt. # 3 ¶ 16.) Appellant's thirty-four day delay in filing its brief has prevented Appellee from assessing his chances of recovery in that action against a possibly bankrupt opposing party, and allowing Appellant to go forward with its appeal following its delay would likely require a continuance of the pending trial. (Id. ¶ 18–20.)

Second, the delay of over a month is substantial, and could have been easily avoided through basic diligence. As the party who originally filed the appeal from the Bankruptcy Court on October 15, 2014, Appellant should have known that its appeal would be entered on the docket soon thereafter. Moreover, those who use the electronic filing system are responsible for updating their email addresses, and users "must keep the information current to ensure timely electronic noticing of case activity." U.S. District Court for the Western District of Texas, Administrative Policies & Procedures for Electronic Filing § 6(e). Appellant's failure to exercise diligence in filing and pursuing its appeal was the sole reason for the delay, and was thus entirely within the control of Appellant and its counsel.

Weighing these factors together, the Court finds that Appellant has not shown good cause to excuse the late filing of its brief and that no extension is warranted. The Court therefore **GRANTS** Appellee's Motion to Dismiss (Dkt. # 3) and **DENIES** Appellant's Motion for Extension of Time to File Brief on the Merits (Dkt. # 4).

**IT IS SO ORDERED.**

DATED: San Antonio, Texas, January 7, 2015.

_____
David Alan Ezra
Senior United States Distict Judge